IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01884-BNB

ROGER LEE JACOBS,

      Applicant,

v.

TOM CLEMENTS, Executive Director of the Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

## ORDER OF DISMISSAL
_____

      Applicant, Roger Lee Jacobs, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) and is currently incarcerated at the Fremont

Correctional Facility in Canón City, Colorado.  Mr. Jacobs has filed an Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  He challenges the validity of his

conviction and sentence in Case No. 99CR0955 in the Adams County, Colorado,

District Court.

      In an August 20, 2012 Order, Magistrate Judge Boyd N. Boland directed

Respondents to file a pre-answer response addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A).  After obtaining an extension of time, Respondents submitted a

pre-answer response on October 9, 2012.  Mr. Jacobs filed a Reply . . . and Request to

Hold this Matter in Abeyance. . .  (ECF No. 25), on November 29, 2012.

The Court must construe liberally the Application filed by Mr. Jacobs because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application as procedurally defaulted.

## I. Background and State Court Proceedings

In June 2001, Mr. Jacobs was convicted of two counts of soliciting for child prostitution. (ECF No. 18-1, at 3-4, of 22). The trial court imposed an indeterminate sentence of 25 years to life. (*Id.* at 11). On direct appeal, the Colorado Court of Appeals held that the indeterminate sentence was improper, but otherwise affirmed. *People v. Jacobs* (*Jacobs I*), 91 P.3d 438, 443 (Colo. App. 2003). Mr. Jacobs was then resentenced to a prison term of 24 years. (ECF No. 18-1, at 9). The 24-year sentence was affirmed on appeal. *People v. Jacobs* (*Jacobs II*), No. 04CA2578 (Colo. App. Nov. 30, 2006) (unpublished) (ECF No. 18-22). The Colorado Supreme Court denied Mr. Jacobs' petition for certiorari review on April 2, 2007. (ECF No. 18-20).

On August 2, 2007, Mr. Jacobs filed a motion for reconsideration of sentence pursuant to Colo.R.Crim.P. 35(b). (ECF No. 18-1, at 8). The trial court denied the motion on August 17, 2007. (*Id.*; 18-19). The Colorado Court of Appeals affirmed the trial court's order in *People v. Jacobs* (*Jacobs III*), No. 07CA1851 (Colo. App. March 6, 2008). (ECF No. 18-17). The Colorado Supreme Court denied Applicant's petition for certiorari review on June 23, 2008. (ECF No. 18-15).

On August 1, 2008, Mr. Jacobs filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c), which was denied on August 5, 2008. (ECF No. 18-1, at 8;

2

ECF No. 18-4). The Colorado Court of Appeals affirmed the trial court's order in *People v. Jacobs* (*Jacobs IV*), 08CA1870 (Colo. App. Aug. 27, 2009). (ECF No. 18-12). The Colorado Supreme Court denied Applicant's petition for certiorari review on December 14, 2009. (ECF No. 18-10).

On March 31, 2010, Mr. Jacobs filed a second motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c), which was denied by the trial court on April 7, 2010. (ECF No. 18-1, at 7; 18-8; 18-9). The trial court denied Applicant's motion for reconsideration on May 4, 2010. (ECF No. 18-6; 18-7). The Colorado Court of Appeals affirmed the trial court's order in *People v. Jacobs* (*Jacobs V*), No. 10CA1037 (Colo. App. Dec. 1, 2011). (ECF No. 18-4). The Colorado Supreme Court denied Applicant's request for certiorari review on April 9, 2012. (ECF No. 18-2).

Mr. Jacobs initiated this action on July 19, 2012. He asserts seven claims in the Application: (1) trial counsel was ineffective in failing to conduct an adequate investigation into the illegal mandatory parole component of Applicant's prior Jefferson County District Court conviction and sentence, which negatively impacted the amount of pre-sentence confinement credit that Applicant received on his Adams County District Court sentence ("current sentence"); (2) trial counsel was ineffective in failing to advise the sentencing court that Applicant was entitled to 78 days of pre-sentence confinement credit; (3) trial counsel was ineffective in failing to conduct an adequate investigation into the legality of the parole component of Applicant's prior Jefferson County District Court sentence, which resulted in a sentence that was 78 days longer than authorized by law; (4) appellate counsel was ineffective in failing to investigate the mandatory parole component of Applicant's prior Jefferson County Court conviction and sentence

3

on appeal and at the resentencing proceeding; (5) the deprivation of 78 days of pre-sentence confinement credit violated Applicant's federal due process rights; (6) Applicant's sentence is unconstitutionally excessive and is not authorized by Colorado law; and, (7) this Court is required to "independently review the record to assess the reasonableness of the state courts' denial of relief" where the state courts refused to rule on the legality of the mandatory parole component of Applicant's sentence for the Jefferson County conviction; and, his right to due process was violated when the state courts failed to conduct an evidentiary hearing on the issue of whether he was entitled to an extra 78 days of pre-sentence confinement credit against his current sentence. (*Id.* at 19).

Respondents concede, and the Court finds, that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  (ECF No. 18, at 7). Respondents argue, however, that Mr. Jacobs' claims are procedurally defaulted.

## II.  Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534. A claim must be

4

presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Harris v. Reed*, 489 U.S. 255, 269-70 (1989)); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (internal quotations and citation omitted).  A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Mr. Jacobs' pro se status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F .3d 1128, 1130 (10th Cir. 1994).

### A.    Claims One through Four

In claims one through four, Mr. Jacobs asserts that his trial and appellate counsel were constitutionally ineffective in failing to conduct an investigation into whether

5

Applicant is entitled to 78 additional days of pre-sentence confinement credit against his current sentence. Applicant alleges that he was arrested on February 4, 1999, for a violation of parole, which he was serving illegally in connection with a prior Jefferson County conviction.  He remained in custody on the parole hold for 78 days until April 23, 1999, when he was charged in his present case.  In claim one, Mr. Jacobs argues that trial counsel should have known that under *People v. Cooper*, 8 P.3d 554 (Colo. App. 2000), *aff'd* 27 P.3d 348 (Colo. 2001), the term of mandatory parole he was serving on February 4, 1999, was illegal and that the 78 days of custody for an alleged violation of that parole term should have been, but was not, credited against his current sentence. (ECF No. 1, at 11-13).  Claims two and three reiterate claim one, adding that the prejudice resulting from counsel's deficient performance resulted in a sentence that was 78 days longer than it should have been.  (*Id.* at 13-14).  Claim four reiterates claim one, but extends the claim to counsel who represented Applicant on his initial direct appeal and at resentencing.  (*Id.* at 15).

The state court record demonstrates that Applicant fairly presented a Sixth Amendment claim based on the above facts to the Colorado Court of Appeals in *Jacobs V.* (ECF No. 18-5, at 13-15).  However, the Colorado Court of Appeals rejected the claim on two procedural grounds:

> [W]e conclude that the [Rule 35 motion] is successive under Crim. P. 35(c)(3)(VI) because Jacobs' argument that he was entitled to [the pre-sentence confinement credit] was previously rejected by a division of this court in [*Jacobs* IV].  As such, Jacobs was precluded from reasserting this argument under the constitutional theory of ineffective assistance of counsel.  *See* Crim. P. 35(c)(3)(V)(subject to exceptions not applicable here, a court shall deny any claim that was raised in a prior appeal or postconviction proceedings on behalf of the same defendant); *Dunlap v. People*, 173 P.3d 1054, 1093 (Colo. 2007) ("Even if the claims are slightly

6

different, 'an argument raised under Rule 35 which does not precisely duplicate an issue raised on appeal will be precluded if its review would be nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory.") (quoting, in part *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996)).

We also agree with the district court that the motion is successive under Crim. P. 35(c)(e)(VII) because Jacobs "could have raised this issue in his prior motion for postconviction relief and/or the appeal of the order denying that motion." *See* Crim. P. 35(c)(3)(VII) (subject to exceptions not applicable here, a court shall deny any claim that could have been raised in a prior appeal or postconviction proceeding on behalf of the same defendant.").

(ECF No. 18-4, at 3-4).

The Colorado Court of Appeals concluded, in the alternative, that Mr. Jacobs' ineffective assistance of counsel claims failed on the merits because a division of the court had rejected the underlying bases of the claims in *Jacobs IV*. (ECF No. 18-4, at 4-5). However, this Court must give effect to a state procedural bar even when the state court reaches the merits of a federal claim as a separate basis for its decision. *See Harris*, 489 U.S. at 264 n.10 ("By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); *Alverson v. Workman*, 595 F.3d 1142, 1165 (10th Cir. 2010) (Tymkovich, J., concurring) ("According to *Harris*, the plain statement rule applies even under the circumstances presented in this case, where the state court addressed the merits of the federal claim in addition to finding it waived."); *see also Sochor v. Florida*, 504 U.S. 527, 534 (1992) ("[T]he rejection of [the habeas petitioner's] claim was based on the alternative state ground that the claim was 'not preserved for appeal' . . . Hence, we

hold ourselves to be without authority to address Sochor's claim . . . ") (emphasis added)).

The Court finds that Mr. Jacobs defaulted claims one through four in the Colorado Court of Appeals on an independent and adequate state procedural ground. *See Mestas v. Zavaras*, 10-1458, 407 F. App'x 354, 355-56 (10th Cir. Jan. 31, 2011) (unpublished) (application of state procedural bar under Colo. R. Crim. P. 35(c)(3)(VI) was independent and adequate to support state court judgment); *Burton v. Zavaras*, No. 09-1094, 340 F. App'x 453, 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (same as to Colo. R. Crim. P. 35(c)(3)(VII)).  The claims therefore are procedurally barred unless Applicant can meet the cause and prejudice standard or make a showing of actual innocence.[1]

### 1. *Ineffective assistance of appellate counsel as cause for procedural default*

Applicant asserts in his Reply brief that his procedural default of claims 1 through 4 should be excused because appellate counsel raised, or was ineffective in failing to raise, the claims on direct appeal.

In his Opening Brief on appeal of his resentencing, Mr. Jacobs argued that the trial court erred in sentencing him in excess of the maximum in the presumptive range for a class 3 felony based on the "parole aggravator" contained in COLO. REV. STAT. ("C.R.S.") § 18-1-105(9)(a)(ii) (now codified at C.R.S. § 18-1.3-401(8)(a)(II)), and based on his alleged prior convictions, in violation of his constitutional rights to due process

---

[1]Mr. Jacobs does not raise a claim of actual innocence.

and to trial by jury.  (ECF No. 18-23, at 6, 11, 18-23).  Mr. Jacobs further asserted that

the one-year sentence imposed in the Jefferson County case (including parole) would

have been completed on December 6, 1998, prior to the dates alleged for his current

offense,[2] and, therefore, the parole aggravator could not apply because Mr. Jacobs was

not on parole at the time of his current offense.  (*Id.* at 9-10).  However, Mr. Jacobs did

not argue to the Colorado Court of Appeals that his trial counsel was ineffective in failing

to argue to the trial court that Applicant was not on parole at the time of his current

offense, nor did Applicant raise a claim that his trial counsel was ineffective in failing to

assert that Applicant was entitled to 78 days of pre-sentence confinement credit against

his current sentence.  (*See generally* ECF No. 18-23).  Moreover, the state appellate

court did not discern and address the omitted arguments.  (*Id.* at 18-22).  Accordingly,

the Court finds that Mr. Jacobs did not exhaust claims one, two, three or four in his

second direct appeal proceeding.

Mr. Jacobs asserts, in the alternative, that his appellate counsel was ineffective

in failing to challenge the ineffective assistance of trial counsel in the direct appeal

proceeding.  The Court finds that Applicant procedurally defaulted that claim in the state

appellate court.  "Attorney error amounting to constitutionally ineffective assistance of

counsel constitutes 'cause' for a procedural default." *Hickman v. Spears*, 160 F.3d

1269, 1272 (10th Cir. 1998).  However, this claim must be exhausted in the state courts

as an independent claim before it may be used to establish a procedural default.  *See*

---

[2]For his current offense, Mr. Jacobs was charged based on events occurring between December 25, 1998 and January 21, 1999.  (ECF No. 18-23, at 6).

*Murray v. Carrier*, 477 U.S. 478, 489 (1986).   In this case, Mr. Jacobs did not present a claim to the state appellate courts that appellate counsel was ineffective in failing to challenge on appeal the adequacy of trial counsel's representation.   Instead, he argued in his second post-conviction proceeding that appellate counsel was ineffective in failing to persuade the state appellate court that Applicant was not on parole at the time he committed the current offense and, as a result, he was denied 78 extra days of pre-sentence confinement credit.   (ECF No. 18-5, at 14-15).   As such, Mr. Jacobs cannot rely on the alleged ineffective assistance of appellate counsel to excuse his procedural default.   *See Livingston v. Kansas,* 407 F. Appx. 267, 273 (10th Cir. Nov. 2, 2010) (unpublished) (holding that petitioner's "fail[ure] to raise the ineffectiveness of his direct-appeal counsel to the [state courts] in his post-conviction petition[ ] . . . preclud[ed] him from asserting it as 'cause' for his procedural default" (citing *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000)).

Even if Mr. Jacobs' arguments in the second post-conviction proceeding could arguably be construed as presenting a claim that appellate counsel was ineffective in failing to raise a claim challenging the adequacy of trial counsel's representation, he still fails to meet the cause and prejudice standard.   Because Applicant defaulted this claim in the state appellate court he cannot rely on it to provide cause to excuse his barred ineffective assistance of trial counsel claims unless he can also establish cause excusing his default of the ineffective appellate counsel claim.   *See Edwards*, 529 U.S. at 451-53.   Mr. Jacobs has not made the requisite showing.   Accordingly, the ineffective

assistance of Mr. Jacobs' appellate counsel does not provide just cause to excuse Applicant's  procedural default of claims one through four.

### 2.    Lack of Counsel in First Post-Conviction Proceeding as Cause for Procedural Default

The Court next addresses Mr. Jacobs' reliance on *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012).  In *Martinez*, the Supreme Court held that where a state permits a defendant to challenge the assistance of trial counsel only in a post-conviction proceeding, then the absence of post-conviction counsel or the ineffective assistance of post-conviction counsel in the post-conviction proceeding can constitute cause for the habeas petitioner's default of claims of ineffective assistance of trial counsel.  *Id.* at 1318.  The petitioner must also show that the underlying ineffective assistance of counsel claim is "substantial" – i.e., has "some merit."  *Id.*  The holding in *Martinez* recognized an exception to the general rule announced in *Coleman* – that habeas petitioners have no constitutional right to post-conviction counsel in the first instance and so deficient performance by whatever counsel they may have ordinarily does not excuse procedural default. *Coleman*, 501 U.S. at 752-55; *see also Martinez*, 132 S. Ct. at 1315.

The rule of *Martinez* applies only when "the State barred the defendant from raising the claims on direct appeal" so that post-conviction proceedings are the petitioner's first opportunity to present the claim. *Id.* at 1320.  Respondents argue that the Colorado Supreme Court has never expressly precluded a prisoner from raising an ineffective assistance of counsel claim on direct appeal and if the claim is raised and

cannot be resolved on the record, the appellate court may remand for resolution of those claims as part of the direct appeal. *See e.g. Cummings v. People*, 785 P.2d 920, 925 (Colo. 1990) (ineffective assistance of counsel claim raised on direct appeal was remanded to trial court for evidentiary hearing); *accord People v. Versteeg*, 165 P.3d 760, 769-70 (Colo. App. 2006) (remanding ineffective assistance of counsel claims on direct appeal and directing trial court to consider whether claims warranted post-conviction relief).

The Colorado Supreme Court "has expressed a preference for having ineffective assistance of counsel claims brought in Crim. P. 35(c) proceedings." *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994) (internal citations omitted); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003) ("In light of the considerations potentially involved in determining ineffective assistance, defendants have regularly been discouraged from attempting to litigate their counsels' effectiveness on direct appeal.")). "Review of a claim of ineffective assistance of trial counsel that is raised on direct appeal is limited to the existing record." *Downey v. People*, 25 P.3d 1200, 1202 n.3 (Colo. 2001) (citing *People v. Blehm*, 983 P.2d 779, 792-93 (Colo. 1999); *see also People v. Apodaca*, 998 P.2d 25, 29 (Colo. App.1999) (citing *Thomas*); *People v. Price,* 240 P.3d 557, 565 (Colo. App. 2010) ("Only 'in rare instances' are ineffective assistance of counsel claims presented so that they 'need no further [factual] development prior to review on direct appeal.'") (quoting *People v. Kelling*, 151 P.3d 650, 655 (Colo. App. 2006)). Upon a careful review of Colorado case law, the Court finds that Colorado requires ineffective

assistance of counsel claims to be raised in a post-conviction proceeding unless the claim can be resolved on the record.

The Court need not resolve the issue of whether Mr. Jacobs' ineffective assistance of counsel claims could have been decided based on the state court record in his direct appeal proceeding.  Instead, the Court finds that *Martinez* does not assist Applicant here because his claims of ineffective assistance of counsel are not substantial. *See Martinez*, 132 S. Ct. 1318.

Mr. Jacobs alleges in his federal Application, as he did in his first state post-conviction proceeding, that he was not on parole at the time of his current offense. Specifically, he maintains that his sentence for the Jefferson County conviction expired in November 1998 and that the two-year period of mandatory parole included in his sentence was deemed illegal under *Cooper*, 8 P.3d 554 (applying C.R.S. § 17-2-201(5)(a.5), *aff'd* 27 P.3d 348 (Colo. 2001), and *People v. Jones*, 992 P.2d 710 (Colo. App. 1999) (applying C.R.S. § 18-1-105(1)(a)(V)(C.3) (now codified at § 18-1.3-401(1)(A)(V)(C)).  (*See generally* ECF No. 1; ECF No.  18-13, at 9-13, of 16).  The underlying basis for Applicant's ineffective assistance of trial counsel claims is that because he was not on parole at the time he was detained for his current offense between February 4 and April 23, 1999, he is entitled to 78 days of pre-sentence confinement credit under Colorado law.

The Colorado Court of Appeals determined in *Jacobs IV* that Applicant was on parole for his Jefferson County offense at the time he was arrested on a parole hold for his present offense in February 1999.   The state appellate court found that "the only

13

evidence in the record regarding defendant's parole shows that he was on parole until

April 14, 2000." (ECF No. 18-12, at 7). Mr. Jacobs does not dispute this evidence, nor

does he contend that documentary or other evidence outside the record would establish

that he was not on parole in February 1999. Instead, he relies on his own interpretation

of state statutes and case law, with which the Colorado Court of Appeals disagreed.

(*See generally* ECF No. 18-13; 18-12). The state appellate court determined that Mr.

Jacobs was not entitled to 78 extra days of pre-sentence confinement credit for the

period February 4 to April 23, 1999, based on the court's application of Colorado

statutes governing the award of pre-sentence confinement credit. (*See* ECF No. 18-12,

at 5-7). This federal habeas court is bound by the state court's interpretation of

Colorado statutes. *See Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983); *Smith v.

Dinwiddie*, 510 F.3d 1180 (10th Cir. 2007). As such, the Court will not review Mr.

Jacob's allegations to the extent that he disputes the Colorado Court of Appeals'

interpretation of state law.

Because the state appellate court found no underlying state law violation after

considering Applicant's arguments, Mr. Jacobs cannot show that he was prejudiced by

trial counsel's failure to adequately challenge Applicant's parole status and his alleged

entitlement to 78 extra days of pre-sentence confinement credit in the state trial court.

*See Strickland v. Washington*, 466 U.S. 668, 687-88 (to establish a Sixth Amendment

claim for ineffective assistance of counsel, a criminal defendant must establish that his

counsel's deficient performance prejudiced him). Prejudice is shown if "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

14

proceeding would have been different." *Id.* at 694.  The Court thus finds that Mr. Jacobs' ineffective assistance of counsel claim lacks merit.  *Martinez* therefore does not assist Applicant in excusing his procedural default for claims one, two and three.

The Court further finds that *Martinez* does not apply to Mr. Jacobs' fourth claim. The Court stated expressly that "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here." *Id.* at 1320. *Martinez* applies only to "a prisoner's procedural default of a claim of ineffective assistance at trial," not to claims of deficient performance by appellate counsel.  *Id.* at 1315 (emphasis added); *see also Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012).  The Court will thus dismiss claim four as procedurally barred.

### B.    Claim Five

In claim five, Mr. Jacobs asserts that the denial of 78 extra days of pre-sentence confinement credit violates his due process rights.   (ECF No. 1, at 16).  Respondents argue that Applicant did not exhaust state remedies for this claim because he did not present it as a federal constitutional issue to the Colorado Court of Appeals.

The state court record reflects that Mr. Jacobs raised the issue before the state appellate court as a violation of state law.  Specifically, he argued that his confinement between February 4, 1999 and April 23, 1999, could not have been for a parole violation because, under *Cooper*, 8 P.3d 554, he was not serving a lawful parole term.  (ECF No. 18-13, at 5-13). He thus argued that the sentencing court should have known he was entitled to pre-sentence confinement credit for that time period.  (*Id.*).  Mr. Jacobs did not assert in his opening brief that the failure to award pre-sentence confinement credit

15

violated his federal due process rights or cite to any federal case law that might have alerted the state court to the federal nature of the claim. *See Duncan*, 513 U.S. at 366; *Baldwin v. Reese*, 541 U.S. 27, 33 (2004).  Accordingly, the Court finds that Mr. Jacobs failed to exhaust state remedies for his fifth claim.

Respondents argue that Mr. Jacobs has committed an anticipatory procedural default of claim five because if he attempted to raise a federal constitutional claim in the state trial court at this time, it would be dismissed on procedural grounds.  *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7.

As discussed above, the Colorado Rules of Criminal Procedure prohibit successive and abusive Crim. P. Rule 35 motions with limited exceptions that are not applicable to Mr. Jacobs' claim.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII); *see also People v. Thomas*, 195 P.3d 1162 (Colo. App. 2008); *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *accord Turman v. Buckallew*, 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted).  The Court therefore finds that Mr. Jacobs has procedurally defaulted his fifth claim.

Moreover, Mr. Jacobs fails to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider

his claim will result in a fundamental miscarriage of justice.  Accordingly, claim five will be dismissed as procedurally defaulted.

### C.    Claim 6

In claim six, Mr. Jacobs asserts that his sentence is constitutionally excessive because it is 78 days longer than the maximum sentence authorized by Colorado law based on his entitlement to pre-sentence confinement credit.  (ECF No. 1, at 17).  Respondents argue that to the extent Applicant asserts a violation of his Eighth Amendment rights, he did not raise the claim as a federal constitutional issue in the Colorado appellate courts.

The state court record reflects that Mr. Jacobs did not fairly present an Eighth Amendment claim to the Colorado Court of Appeals in his direct appeal proceeding, or in his post-conviction proceedings.  (*See generally* ECF Nos. 18-23, 18-18, 18-13 and 18-5).  Applicant's allegations that he has been confined 78 days longer than authorized by state law did not alert the state appellate courts that he was asserting a violation of his Eighth Amendment rights.  *See Duncan*, 513 U.S. at 366; *Baldwin*, 541 U.S. at 33.


If Mr. Jacobs attempted to present a federal constitutional claim to the state district court at this time, it would be rejected as successive or abusive.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII); *Turman*, 784 P.2d at 780.  As such, the claim is procedurally defaulted.  *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7.  Applicant has not made the necessary showing of cause and prejudice or actual innocence to excuse his procedural default.  Accordingly, claim six will be dismissed.

**D.  Claim Seven**

In his seventh claim, Mr. Jacobs asserts that this Court is required to "independently review the record to assess the reasonableness of the state courts' denial of relief," where the state courts refused to rule on the legality of the mandatory parole component of Applicant's sentence for the Jefferson County conviction.  (ECF No. 1, at 18).  He further contends that his right to due process was violated when the state courts denied him an evidentiary hearing on the issue of whether he was entitled to an extra 78 days of pre-sentence confinement credit against his current sentence. (*Id.* at 19).

Applicant's seventh claim raises challenges to the state's application of post-conviction procedures, which are generally not cognizable in federal habeas proceedings.  *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that a petitioner may not challenge state court's denial of post-conviction evidentiary hearing because "federal habeas corpus relief does not lie for errors of state law"). Furthermore, this Court is bound by principles of comity to accept the state appellate court's disposition of Applicant's claims on state procedural grounds and not reach the merits where Mr. Jacobs has failed to meet the cause and prejudice or fundamental miscarriage of justice exception. *See Coleman*, 501 U.S. at 729-730.   Accordingly, Applicant's seventh claim will be dismissed.

**III.    Request for Stay**

Mr. Jacobs requests that the Court hold his § 2254 Application in abeyance and order a limited remand to the state trial court to hold an evidentiary hearing to resolve

18

the issue of the legality of his current sentence and to appoint counsel to represent him at the hearing.  (ECF No. 25, at 9-10).  Specifically, Applicant asserts that his current sentence is illegal and unconstitutional because it exceeds the maximum penalty authorized by state law for his offense by 78 days.  (*Id.* at 10-11).

This federal district court does not "remand" federal claims to the state trial court for an evidentiary hearing.   Instead, the Court determines whether a § 2254 Application is timely, whether the claims were exhausted as federal claims in the state court, and, if so, whether the merits of the claims can be resolved on the basis of the state court record or if an evidentiary hearing is required.  *See generally* 28 U.S.C. § 2244(d)(1); 28 U.S.C. §§ 2254(b) and (e).  As discussed previously, the Court will not review the merits of Mr. Jacobs' claims because they are procedurally defaulted and Applicant has not demonstrated cause and prejudice or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. 722, 749–50, 501 at n. 1; *see also Spears v. Mullin*, 343 F.3d 1215, (10th Cir. 2003) (rejecting habeas petitioner's assertion that district court should have granted him an evidentiary hearing on his  procedurally defaulted ineffective assistance of counsel claims).  Accordingly, Mr. Jacobs is not entitled to an evidentiary hearing and the request for a stay will be denied.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Jacobs files a notice of appeal he must also pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24

Accordingly, it is

ORDERED that the "Forthwith Motion Requesting Substitution of Corrected

Attachment 'B' to Application . . . Due to Errors in Original," (ECF No. 6) is **granted**.  It is

FURTHER ORDERED that the Request to Hold this Matter in Abeyance. . .

(ECF No. 25), filed on November 29, 2012, is **denied**.  It is

FURTHER ORDERED that Roger Lee Jacobs' Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **denied** and this action is

DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr.

Jacobs has not made a substantial showing that jurists of reason would find it debatable

whether the procedural ruling is correct and whether the underlying claim has

constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Jacobs may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  13th  day of  December , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court